IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WALTER T. P. ANDREWS; et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 03-0280-CG-L |
| ) | |
| **ATLANTIC MARINE, INC. and** ) | |
| **ALABAMA SHIPYARDS, INC.,** ) | |
| ) | |
| **Defendants.** | |

### MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants, Atlantic Marine, Inc. and Alabama Shipyard, Inc., for summary judgment as to untimely plaintiffs (Doc. 49), plaintiffs' response thereto (Doc. 57), and defendants' reply (Doc. 64). Defendants seek summary judgment as to plaintiffs Rosie Hall, Michael Sank, David Thicklen, Linda Rigsby, and Melvin Boykin. Plaintiffs concede that the claims of Rosie Hall and David Thicklen are untimely. The court finds that the claims of Michael Sank, Linda Rigsby, and Melvin Boykin are also untimely. Therefore, defendants' motion for summary judgment as to these plaintiffs is due to be granted.

### FACTS

Plaintiffs Rosie Hall, Michael Sank, David Thicklen, Linda Rigsby, and Melvin Boykin are former employees of defendants. On December 4, 1996, the Mobile Chapter of the NAACP filed an organizational charge of discrimination with the EEOC on behalf of "present and former" African American employees of defendants.

Plaintiffs concede that the claims of Rosie Hall and David Thicklen are untimely. Thus, the court will not discuss the facts relevant to these two defendants.

1

Plaintiff Michael Sank was discharged from employment with Atlantic Marine on January 27, 1992.  Mr. Sank did not apply for employment with defendants again until 1999. (Sank Depo. pp. 72-24).

Plaintiff Linda Rigsby was discharged from employment with Atlantic Marine on March 10, 1994.  She did not apply for employment with defendants again until August 29, 2000. (Rigsby Depo. pp. 116-117, 136-137, 299-300).

Plaintiff Melvin Boykin was discharged from employment with Alabama Shipyard in June 1995, about a week after he injured his ankle at work coming down a ladder. (Boykin Depo. pp. 101-102, 117-122).  Boykin applied for a position with Atlantic Marine in January 1996, but Atlantic Marine rejected his application.  On October 15, 1996, Boykin met with Kathy Chumley, a human resource employee for defendants to discuss Boykin's eligibility for rehire. (Boykin Depo. p. 115).  Chumley informed Boykin that because Boykin's January 1966 application stated that he had been "laid off" from his previous position with Alabama Shipyard, that the application was inaccurate and that any application which included the inaccurate information would not be considered. (Boykin Depo. pp. 115-116).  Mr. Boykin did not apply again for employment with defendants. (Boykin Depo. pp. 101-103, 110-122, 134-135).

## LEGAL ANALYSIS

**A. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a

genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249. (internal citations omitted).

      The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

      Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the

[non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

## B. Timeliness of Claims

"In Alabama, a non-deferral state, a plaintiff must file a Title VII discrimination charge with the EEOC within 180 days of the alleged violation." Stuart v. Jefferson County Dept. of Human Resources, 2005 WL 2456420, *2 (11th Cir. Oct. 6, 2005) (quoting Tipp v. AmSouth Bank, 76 F.Supp.2d 1315, 1327 (S.D. Ala.1998), aff'd, 229 F.3d 1166 (11th Cir.2000)).  The NAACP filed an organizational charge of discrimination with the EEOC on behalf of "present and former" African American employees of defendants on December 4, 1996.  Thus, the NAACP EEOC charge covered violations alleged to occur between June 7, 1996, and December 4, 1996.  None of the plaintiffs filed their own individual EEOC charges.

Plaintiffs, Rigsby, Sank and Boykin were all terminated prior to June 7, 1996, and did not reapply during the 180 day statutory period.  Defendants maintain that under the "single filing" or "piggy-back" rule, the plaintiffs can only rely on the NAACP EEOC charge if the claims asserted in the NAACP EEOC filing and those asserted by the non-filing plaintiffs arise out of similar discriminatory treatment that occurred in the same time frame.  Plaintiffs correctly state, however, that they are not relying on the single filing rule because under 29 C.F.R. §1601.7, an organization or agency can file a charge on behalf of a person claiming to be aggrieved. Plaintiffs do not need to "piggy-back" the EEOC filing because the charge is treated as if it was filed by the plaintiffs.  Nevertheless, plaintiffs' allegations of discrimination must still have occurred within 180 days of their EEOC charge.

Plaintiff maintains that Boykin's claim for hostile work environment is timely because such claims are continuing violations "composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117, 122 S.Ct. 2061 (2002).  However, although Boykin claims he met with defendants' human resource employee during the 180 day time period, Boykin was not employed by defendants at that time.  Clearly, an event that took place over a year after Boykin's employment was terminated could not be considered part of Boykin's hostile work environment claim.  Boykin's work environment with defendants ended upon his termination.  Nor has Boykin identified any discrete discriminatory act that occurred within the 180 day statutory period.  "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110, 122 S.Ct. 2061, 2070 - 2071 (2002).  Boykin's meeting with human resources may have been related to his termination or to his request for rehire, but that fact would not continue or resurrect his alleged discriminatory termination or hostile work environment.

> We have repeatedly interpreted the term "practice" to apply to a discrete act or single "occurrence," even when it has a connection to other acts. For example, in Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229, 234, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), an employee asserted that his complaint was timely filed because the date "the alleged unlawful employment practice occurred" was the date after the conclusion of a grievance arbitration procedure, rather than the earlier date of his discharge. The discharge, he contended, was "tentative" and "nonfinal" until the grievance and arbitration procedure ended. Not so, the Court concluded, because the discriminatory act occurred on the date of discharge--the date that the parties understood the termination to be final. Id., at 234-235, 97 S.Ct. 441.

National R.R. Passenger Corp.,  536 U.S. at 111-112, 122 S.Ct. at 2071.  "[D]iscrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." National R.R. Passenger Corp.,  536 U.S. at 112, 122 S.Ct. at 2071; see also Burnam v. Amoco Container Co., 755 F.2d 893, 894 (11th Cir. 1985) ("a failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act").  Boykin's claim is thus not timely.

5

As to Rigsby's and Sank's claims, those plaintiffs maintain that they were timely because, although they occurred after the EEOC charge was filed, they occurred before the EEOC completed the investigation of the charge.  To support their argument that such claims are timely, plaintiffs cite the following language from  Turner v. Orr, 804 F.2d 1223 (11th Cir. 1986).

> The standard that has evolved in this circuit defines the scope of an EEOC complaint as "encompass[ing] any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the commission."  In other words, the "scope" of the judicial complaint is limited to the "scope" of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

Id. at 1226 (citation omitted).  However, in Turner, the Court was not referring to the temporal scope of the EEOC complaint, but instead to the scope of the kinds of claims asserted.  This court is aware of no authority for allowance of discrete claims that occurred after the filing of an EEOC charge, but before the conclusion of the investigation.  To find such claims timely would be contrary to the long-standing precedent requiring that a plaintiff file a Title VII discrimination charge with the EEOC within 180 days of the alleged violation.   The EEOC charge must be filed within the 180[]-day time period after the discrete discriminatory act occurred. National R.R. Passenger Corp., 536 U.S. at 113, 122 S.Ct. at 2072 (emphasis added).

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment as to plaintiffs Rosie Hall, Michael Sank, David Thicklen, Linda Rigsby, and Melvin Boykin (Doc. 49) is **GRANTED**.

**DONE and ORDERED** this 18th day of October, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE